UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 25-05368-FLA (DFM) | Date: | July 22, 2025 |
|---|---|---|---|
| Title | Dermaine Jones v. Warden Schultz | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
|---|---|
| Nancy Boehme | Not Present |
| Deputy Clerk | Court Reporter |
| Attorney(s) for Petitioner(s): | Attorney(s) for Respondent(s): |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order to Show Cause

Petitioner Dermaine Jones has filed a pro se Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254. See Dkt. 1 ("Petition").

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the district court to dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." For the reasons discussed below, Petitioner is ordered to show cause why the Petition should not be dismissed.

I.  BACKGROUND

On January 19, 2016, a jury convicted Petitioner of three counts of shooting at an occupied vehicle (Cal. Pen. Code § 246 (Counts 2-4)) and one count of possession of a firearm by a felon (Cal. Pen. Code § 29800 (Count 5)). See Petition at 22. The jury found the allegation that Petitioner committed the offenses for the benefit of a criminal street gang not to be true and found Petitioner not guilty of attempted murder. See id. at 22-23. On February 11, 2016, the trial court sentenced Petitioner to a total of 30 years to life. See id. at 23.

Petitioner now challenges his conviction and sentence. Although not entirely clear, Petitioner appears to assert the following grounds for relief: (1) ineffective assistance of trial and/or appellate counsel; and (2) that he is entitled to resentencing under California Senate Bill (SB) 81 and/or 1393. See Petition at 11-19, 31-35.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

## II. DISCUSSION

### A. Cognizability

A federal court has jurisdiction to "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Federal habeas corpus relief does not lie for errors of state law. Lewis v. Jeffers, 497 U.S. 764, 780 (1990). For example, issues concerning state sentencing enhancements are generally not cognizable on federal habeas review. See Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (concluding that whether assault with deadly weapon was serious felony under state enhancement statute was state law question not cognizable on federal habeas review).

Here, Petitioner argues that he should be resentenced pursuant to SB 81 and/or SB 1393. However, Petitioner's claims do not appear cognizable on federal habeas review because they exclusively concern California law. See Burchett v. Martel, No. 19-4535, 2020 WL 1847131, at *2 (C.D. Cal. Mar. 11, 2020) ("Petitioner's allegations that he is entitled to the benefit of SB 1393 involve solely the alleged misapplication of California sentencing law. As such, they fail to state a cognizable federal claim."), report and recommendation adopted, 2020 WL 1820518 (C.D. Cal. Apr. 10, 2020); Baines v. Cisneros, No. 22-5123, 2022 WL 3155046, at *1 (C.D. Cal. Aug. 8, 2022) (dismissing SB 81 and SB 1393 claims because "§ 2254 confers no jurisdiction to review whether state courts misapplied their own state's sentencing laws"). Indeed, Petitioner's specific gripe appears to be that the state court erred in finding that SB 81 and/or SB 1393 do not apply to his case, an issue that relates to state law.

Although Petitioner asserts this is an issue of "due process," see Petition at 14-15, he may not simply "transform a state-law issue into a federal one merely by asserting a violation of due process," Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996). Rather, to present a viable claim on federal habeas review based on an error of state law, a petitioner must show that the alleged state law error was "so arbitrary or capricious as to constitute an independent due process . . . violation." Richmond v. Lewis, 506 U.S. 40, 50 (1992) (citation omitted); see also Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994) ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." (citation omitted)). Petitioner has not alleged facts showing that the state court's alleged error(s) were so arbitrary and capricious to constitute an independent due process violation.

### B. Exhaustion

Under 28 U.S.C. § 2254(b), federal habeas relief may not be granted unless a petitioner has exhausted the remedies available in state court. Exhaustion requires that the petitioner's contentions be fairly presented to the state courts, see Ybarra v. McDaniel, 656 F.3d 984, 991 (9th Cir. 2011), and disposed of on the merits by the highest court of the state, see Greene v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Lambert, 288 F.3d 1081, 1086 (9th Cir. 2002). A claim has not been fairly presented unless the prisoner has described in the state-court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam).

A federal court may raise a habeas petitioner's failure to exhaust state remedies sua sponte. See Stone v. City and County of San Francisco, 968 F.2d 850, 855-56 (9th Cir. 1992) (as amended). The petitioner has the burden of demonstrating he has exhausted available state remedies. See Williams v. Craven, 460 F.2d 1253, 1254 (9th Cir. 1972) (per curiam). Further, as a matter of comity, a federal court will not entertain a habeas petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in it. See Rose v. Lundy, 455 U.S. 509, 518-19 (1982).

Here, Petitioner states that none of the claims presented in this Petition have been presented to the California Court of Appeal or to the California Supreme Court. See Petition at 5. As such, Petitioner's claims appear unexhausted.

Moreover, the Court's review of the California Appellate Courts Case Information System indicates that in May 2024, Petitioner raised an ineffective assistance of appellate counsel claim in a habeas petition to the California Court of Appeal. See California Appellate Court Case Information, 2nd Appellate District, https://appellatecases.courtinfo.ca.gov/ (search "B337595") (last accessed July 18, 2025). Petitioner's claim was denied as procedurally defaulted and because he failed to present a prima facie case that appellate counsel's representation fell below an objective standard of reasonableness. See id. On February 21, 2025, Petitioner filed a habeas petition in the California Supreme Court, which is still pending. See California Appellate Court Case Information, California Supreme Court, supra (search "S289451") (last accessed July 18, 2025). Thus, to the extent Petitioner has raised his ineffective assistance of appellate counsel claim to the California Supreme Court, it remains unexhausted. See Hancock v. Marshall, No. 07-2644, 2007 WL 1521002, at *1 (N.D. Cal. May 24, 2007) ("The exhaustion requirement applicable to federal habeas petitions is not satisfied if there is a pending post-conviction proceeding in state court." (citing Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983)).

    C.  Statute of Limitations

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year limitation period applies to a federal petition for writ of habeas corpus filed by a person in state custody. See 28 U.S.C. § 2244(d)(1). In most cases, the limitation period begins running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Here, Petitioner was sentenced on February 11, 2016. See Petition at 2, 23. At Petitioner's sentencing hearing, his trial counsel filed a notice of appeal. See id. at 23. However, on September 21, 2016, Petitioner abandoned his appeal. See id. The California Court of Appeal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

dismissed Petitioner's appeal one day later, on September 22, 2016. See California Appellate Court Case Information, 2nd Appellate District, supra (search "B270262").

In California state courts, a Court of Appeal's "dismissal of an appeal on request" becomes final on filing. Cal. R. Ct. 8.366(b)(2)(B). Thereafter, "[a] party may file a petition in the Supreme Court for review of any decision of the Court of Appeal ...." Cal. R. Ct. 8.500(a)(1) (emphasis added). "A petition for review must be served and filed within 10 days after the Court of Appeal decision is final in that court." Cal. R. Ct. 8.500(e)(1); see also Greenspon v. Ndoh, No. 18-01959, 2019 WL 772627, at *3-4 (C.D. Cal. Feb. 20, 2019), report and recommendation adopted, 2019 WL 772673 (C.D. Cal. Feb. 21, 2019) (rejecting argument that statute of limitations began to run on the date that the California Court of Appeal granted voluntary dismissal, and calculating statute of limitations as running ten days after the Court of Appeal's order dismissing appeal); Dennis v. Samuel, No. 23-4981, 2023 WL 9604478, at *4 (C.D. Cal. Dec. 1, 2023), report and recommendation adopted, 2024 WL 554075 (C.D. Cal. Feb. 12, 2024) (same).

Here, Petitioner's direct appeal was dismissed by order of the California Court of Appeal on September 22, 2016, based upon Petitioner's request for voluntary dismissal. That order became immediately final. See Cal. R. Ct. 8.366(b)(2)(B). Therefore, Petitioner's deadline to file for review of that order with the California Supreme Court was October 2, 2016, ten days after the Court of Appeal's decision.[1] Since Petitioner did not file a petition for review, the one-year limitation period for filing a federal habeas petition expired one year after the deadline to do so, on October 2, 2017. Petitioner should have raised his ineffective assistance of counsel claims within the first year after his conviction became final. Instead, Petitioner filed the instant Petition on August 8, 2024, nearly seven years after the limitation period expired. In the absence of any applicable tolling, it thus appears that the Petition is untimely.

"A habeas petitioner is entitled to statutory tolling of AEDPA's one-year statute of limitations while a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" Nedds v. Calderon, 678 F.3d 777, 780 (9th Cir. 2012) (quoting 28 U.S.C. § 2244(d)(2)). Statutory tolling does not extend to the time between the date on which a judgment becomes final and the date on which the petitioner files his first state collateral challenge because, during that time, there is no case "pending." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Here, Petitioner states he has not filed any habeas petitions in any state courts with respect to this judgment of conviction. See Petition at 3. However, a review of state court records shows Petitioner filed at least two habeas petitions with the California Court of Appeal. See California Appellate Court Case Information, 2nd Appellate District, supra (search "Dermaine Jones"). Thus, Petitioner may be entitled to some amount of statutory tolling based on his prior state court habeas proceedings. However, without sufficient

---

[1] Although October 2, 2016, fell on a Sunday, "the date of finality is not extended if it falls on a day on which the office of the clerk/executive officer is closed." Cal. R. Ct. 8.500(e)(1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

records of Petitioner's previous habeas proceedings, the Court cannot determine the amount of statutory tolling Petitioner could claim.

In addition to the statutory tolling provided for by § 2244(d)(2), the "AEDPA limitations period may be tolled" when it is "equitably required." Doe v. Busby, 661 F.3d 1001, 1011 (9th Cir. 2011). The "threshold necessary to trigger equitable tolling [under AEDPA] is very high." Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010) (alteration in original). A court may grant equitable tolling only where "'extraordinary circumstances' prevented an otherwise diligent petitioner from filing on time." Forbess v. Franke, 749 F.3d 837, 839 (9th Cir. 2014). Here, Petitioner has not offered any explanation for his failure to file the instant Petition in a timely manner and therefore has not shown that he is entitled to equitable tolling.

### III.  CONCLUSION

**Accordingly, Petitioner is ORDERED TO SHOW CAUSE in writing no later than twenty-eight (28) days from the date of this Order why this action should not be dismissed (1) for failure to state a cognizable habeas claim, (2) as unexhausted, and/or (3) as untimely under the statute of limitations.**

Petitioner may instead request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). The Clerk of the Court has attached a Notice of Dismissal form.

Petitioner is warned that his failure to timely respond to this Order will result in the Court recommending that this action be dismissed with prejudice for some or all of the reasons listed above and for failure to prosecute. See Fed. R. Civ. P. 41(b).